U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 0 2017
CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASIA REDD, | § | |
|     Plaintiff, | § | |
| v. | § | No. 3:16-CV-02508-K-BF |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The district court referred this removed civil action to the United States Magistrate Judge for pretrial management. *See* New Case Notes [ECF No. 2]. Before the Court is Defendants' Motion for Summary Judgment [ECF No. 13]. For the following reasons, the Court respectfully recommends that the district court grant Defendant's motion.

**Background**

This cases arises out of foreclosure proceedings initiated against real property located at 2116 Reynoldston Lane Dallas, Texas 75232 (the "Property"). Defs.' Notice of Removal App. Ex. C-1 at 1, ECF No. 1-4 (hereafter "Pl.'s Pet."). Plaintiff Asia Redd is a citizen of Texas and is domiciled in Dallas County. *Id.* Plaintiff brings this suit against Defendants Select Portfolio Servicing Inc., ("SPS"), Deutsche Bank National Trust Company, as Trustee, on behalf of the Registered Holders of GSAMP Trust 2005-HE ("Deutsche"), and the law firm of McCarthy, Holthus, & Ackerman, L.L.P. ("MHA"). *Id.* at 1 ¶ 2. Defendants removed this case from the 44th District Court of Dallas County, Texas on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[1] Defs.' Notice of Removal 1, ECF No. 1. On or about January 26, 2005, Plaintiff executed a Texas Home Equity Note (the "Note") and Deed of Trust ("DOT") on the Property in the amount

---

[1] Diversity jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

1

of $94,400.00. Defs.' Mot. for Summ. J. (hereafter "Defs.' Mot.") 2 ¶¶ 2-3, ECF No. 13. On February 6, 2012, New Century Mortgage Corporation assigned the DOT to Deutsche. Defs.' App. Ex. 1-C at 27, ECF No. 13-1. Deutsche is the current holder of the Note and SPS is the servicer of the loan. Defs.' Mot. at 2 ¶¶ 4-5, ECF No. 13. Plaintiff failed to make her required payments and defaulted on the Note and DOT. *Id.* at ¶¶ 6-7. On November 1, 2012, SPS sent Plaintiff a notice of default with information for Plaintiff to cure her deficiencies. Defs.' App. Ex. 1-E at 38, ECF No. 13-1. On July 19, 2013, MHA, on behalf of SPS, sent Plaintiff by certified mail a notice of acceleration. Ex. 1-F, 52-53. On January 11, 2016, the 14th District Court of Dallas County, Texas entered Final Judgment authorizing foreclosure on the Property. Ex. 1-G, 55-57. On June 20, 2016, MHA sent by certified mail notice of trustee's sale and the Property was sold on August 2, 2016. Ex. 1-H, 60; Ex. 1-I, 63.

Plaintiff brings the following causes of actions against Defendants: (1) trespass to try title; (2) violation of the Texas Property Code § 5.0585(b); (3) declaratory judgment; and (4) a request for a temporary restraining order and/or temporary injunction. Pl.'s Pet. 3-4 ¶¶ 13-20, ECF No. 1-4. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). FED. R. CIV. P. 56(c); Defs.' Mot. 4, ECF No. 13. Defendants filed their Motion for Summary Judgment on November 14, 2016. *See* Docket. The local civil rules require that a response be filed within twenty one days of an opposed motion being filed. LOC. CIV. R. 7.1(e). That would place the deadline for Plaintiff's response on or about December 5, 2016. *See id.* The deadline has long since passed, and Plaintiff has not filed her response. *See* Docket. Although Plaintiff's failure "to respond does not permit entry of a 'default' summary judgment, the court is permitted to accept the movant's evidence as undisputed." *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D.Tex. 1990) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). The

Court therefore considers Defendants' motion without the benefit of a response. This motion is ripe for determination.

## Standard of Review

Summary judgment is appropriate when the pleadings and evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248)). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, the court must grant summary judgment. *Celotex,* 477 U.S. at 322-23.

While courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Rule 56 to search the record to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10-CV-1174-M (BH), 2012

WL 2679496, at *3 (N.D.Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D.Tex. 1990); *Adams v. Travelers Indent. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## Analysis

### Trespass to Try Title

"A trespass to try title action is a procedure by which claims to title or the right of possession may be adjudicated." *Rogers v. Ricane Enter., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994) (citing *Yoast v. Yoast*, 649 S.W.2d 289, 292 (Tex. 1983)). "To recover in a trespass to try title action, the plaintiff must recover upon the strength of his own title." *Id.* (citing *Hunt v. Heaton*, 643 S.W.2d 677, 679 (Tex. 1982); *Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964)).[2] "The plaintiff may recover (1) by proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession, and that the possession has not been abandoned." *Id.* (citing *Turner*, 377 S.W.2d at 183).

Plaintiff alleges that she inherited the Property from her mother, Tessie L. Redd. Pl.'s Pet. 3 ¶ 14, ECF No. 1-4. Plaintiff alleges she has been living at the Property on and off since her mother's death. *Id.* Plaintiff makes no other factual allegations. Defendants argue "Plaintiff cannot come forward with any evidence establishing that she has superior right to title to that of Trustee." Defs.' Mot. 6 ¶ 22, ECF No. 13. Defendants also argue there is no evidence that Plaintiff had title to the Property prior to foreclosure. *Id.* at 7 ¶ 23.

---

[2] *See also Jones v. Deutsche Bank Nat. Trust Co.*, No. 3:12-CV-3929-L, 2014 WL 3375032, at *3 (N.D.Tex. July 10, 2014) (Lindsay, J.) ("A plaintiff must also recover on the strength of his own title and cannot rely on the weaknesses of the defendant's title.") (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)) (internal quotation marks omitted).

Plaintiff has failed to raise a genuine fact issue as to any claim that would support that she had title, or superior title, to the Property. Plaintiff has not alleged any facts to suggest that she holds title to the Property. *See Henley v. Select Portfolio Serv., Inc.*, No. 3:14-CV-2893-K (BF), 2015 WL 8571286, at *3 (N.D.Tex. Nov. 25, 2015), *R. & R. adopted*, No. 3:14-CV-2893-K, 2015 WL 8668266 (N.D.Tex. Dec. 11, 2015) (Kinkeade, J.). Accordingly, Defendants' summary judgment motion should be granted.

### Violation of Texas Property Code § 5.085(b)

Texas Property Code § 5.085(a) provides "[a] potential seller may not execute an executory contract with a potential purchaser if the seller does not own the property in fee simple free from any liens or other encumbrances." TEX. PROP. CODE ANN. § 5.085(a). Plaintiff alleges that Defendants violated § 5.085(b) which states "a seller, or the seller's heirs or assigns, must maintain fee simple title free from any liens or other encumbrances to property covered by an executory contract for the entire duration of the contract." TEX. PROP. CODE ANN. § 5.085; Pl.'s Pet. 3 ¶ 16-17, ECF No. 1-4. As Defendants show, the loan, the Note, or the DOT at issue are not executory contracts or a contract for deed. *See* Defs.' Mot. 8 ¶ 26, ECF No. 13.[3] The loan here is through a deed of trust, not a contract for deed. Accordingly, the district should grant summary judgment on this claim.

### Declaratory Judgment

To the extent Plaintiff's petition states a request for a declaratory judgment, this claim also fails. *See* Pl.'s Pet. 3 ¶ 18, 5 ¶ 3, ECF No. 1-4. In Texas, a declaration does not create any

---

[3] *See also Weaks v. White*, 479 S.W.3d 432, 436 (Tex.App.—Tyler 2015, pet. denied) ("A contract for deed, unlike a typical secured transaction involving a deed of trust, is a financing arrangement that allows the seller to maintain title to the property until the buyer has paid for the property in full. Chapter 5, Subchapter D of the Texas Property Code imposes various conditions and disclosure requirements on sellers entering into contracts for deed, also known as executory contracts for the conveyance of real property.") (citing *Morton v. Nguyen*, 412 S.W.3d 506, 509-10 (Tex. 2013); TEX. PROP. CODE ANN. §§ 5.069-.074)).

substantive rights or causes of action, but instead is merely a procedural device. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (citation omitted). Thus, a request for declaratory relief is construed as a theory of recovery, which is dependent upon another cause of action. *Id.* Because Plaintiff has failed to allege any valid causes of action in her petition, the remedy of a declaratory judgment is inappropriate. Accordingly, Plaintiff's attempt to bring an independent cause of action for declaratory judgment fails. The district court should grant Defendants' Motion for Summary Judgment on Plaintiff's request for a declaration or declaratory judgment.[4]

## RECOMMENDATION

The Court finds that Defendants have met their burden of demonstrating that they are entitled to judgment as a matter of law because based on the undisputed facts, there is no genuine issue of material fact for trial. Accordingly, the Court respectfully recommends that the district court **GRANT** Defendants' Motion for Summary Judgment [ECF No. 13]. The district court should dismiss with prejudice all of Plaintiff's claims against Defendants.

SO RECOMMENDED, this 20 day of March, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's petition also requests for a temporary restraining order and temporary injunction, *see* Pl.'s Pet. 3-4 ¶¶ 19-21, ECF No. 1-4, to prevent Defendants from foreclosing on the Property. However, "[t]o obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home LoanMortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D.Tex. Sept.1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Because Plaintiff's claims do not survive summary judgment, they cannot establish any likelihood of success on the merits. Accordingly, Plaintiff's requests should be denied.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).